**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THOMAS McGOWAN,

    Petitioner,

v.                                            CASE NO: 8:10-CV-2526-T-30EAJ
                                                  Crim. Case No: 8:04-CR-156-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 filed on November 10, 2010, Petitioner's Memorandum and Brief in Support of Title 28 U.S.C. §2255 Relief filed on November 10, 2010, Petitioner's Affidavit filed on November 10, 2010, and the United States' Response in Opposition to [McGowan's] Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 filed on February 15, 2011.

### BACKGROUND

Petitioner Thomas McGowan pled guilty without a plea agreement to a charge of intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). This court accepted the plea and adjudged McGowan guilty.

On September 1, 2004, this Court sentenced McGowan to 188 months of imprisonment, to be followed by a 60-month term of supervised release. This sentence was based on the designation of McGowan as a career offender, pursuant to USSG § 4B1.1. On September 8, 2004, McGowan filed a notice of appeal, and on July 12, 2005, the Eleventh Circuit vacated and remanded the case because this Court, in error, had treated the sentencing guidelines as mandatory. In fact, in the original sentencing, this Court stated that the sentence imposed was based on mandatory guidelines, and but for the mandatory guidelines, the sentence would have been for a lesser period of time.

On August 26, 2005, McGowan was resentenced to 180 months of imprisonment, to be followed by a 60-month term of supervised relief. This Court entered final judgment on August 29, 2005. On August 31, 2005, McGowan appealed. The Eleventh Circuit affirmed the sentence on January 23, 2007. The Supreme Court subsequently vacated the judgment and remanded the case to the Eleventh Circuit for further consideration in light of new case law holding that a district court does not abuse its discretion if it disagrees, as a matter of policy, with the Guidelines crack/powder disparity. The Eleventh Circuit then vacated and remanded the case to this Court for further consideration of the crack/powder issue.

On July 14, 2008, this Court entered the sentence it had previously imposed on August 26, 2005. McGowan again appealed. On February 17, 2009, the Eleventh Circuit affirmed McGowan's sentence. On November 10, 2010, McGowan filed the §2255 petition that is the subject of this Order.

## **DISCUSSION**

### **Timeliness**

Section 2255 has a one year statue of limitations. McGowan contends that under § 2255(f)(3), the appropriate date for the start of the statutory period is March 2, 2010, the date the Supreme Court decided *Johnson v. United States*, _____ U.S._____, 130 S.Ct. 1265 (2010). CV Dkt. #1, p. 9.

The statute of limitations may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3) (emphasis added). Petitioner contends that under *Johnson*, an aggravated assault charge used in determining his status as a career offender, would not qualify as a "crime of violence," and that therefore, Petitioner is "actually innocent" of being a career offender. McGowan argues that this "actual innocence" is a newly discovered right for the purposes of § 2255(f)(3), and seems to argue that *Johnson* should apply retroactively. McGowan's claim fails for several reasons.

**Newly Discovered Right**

First, McGowan is incorrect. Aggravated assault is a crime of violence. *See* USSG § 4B1.2(a) and comment, (n.1) (specifically listing "aggravated assault" as a crime of violence). McGowan argues that under *Johnson*, aggravated assault might not be a crime of violence. McGowan misinterprets *Johnson*. *Johnson* holds that in Florida, simple battery,

which can involve a mere touch, does not necessarily involve the amount of physical force necessary to qualify as a violent felony. *Johnson* does not discuss aggravated assault, and because aggravated assault is specifically listed as a crime of violence, it is an appropriate predicate for career offender status.

Second, McGowan misconstrues the meaning of "actual innocence." Actual innocence applies to the person who is factually innocent of the charge for which he was incarcerated. *See Schulp v. Delo*, 513 U.S. 298, 321 (1995); *Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating "[a]ctual innocence means factual innocence, not mere legal insufficiency). McGowan does not claim to be innocent of the charge to which he pled guilty, only the sentencing enhancement applied to him. "Actual innocence" does not apply to a sentencing enhancement like the career offender designation. *See Gilbert v. United States*, _____ F.3d _____, No. 09-12513, 2011 WL 1885674 (11th DCA May 19, 2011).

And even if the aggravated assault had been excluded from the PSR, McGowan would still have been sentenced as a career offender. In order to be a career offender, the defendant must have been at least eighteen years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). At the sentencing hearing, McGowan stipulated that he was over the age of 18, and the instant offense of conviction was a controlled substance offense. Finally, and most

significantly, McGowan had three other qualified felony controlled substance offenses.[1] Consequently, even if the aggravated assault charge was excluded entirely from the PSR calculations, McGowan would still qualify as a career offender.

**Retroactive Applicability**

In order for McGowan to find relief in a new rule, the Supreme Court would have needed to hold that it applied retroactively. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (stating "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.") Nothing in the *Johnson* decision indicates that the Supreme Court intended for the holding to apply retroactively. Thus, even if *Johnson* were applicable in this case (which it is not), McGowan could not find relief in its pages.

McGowan therefore does not have a newly discovered right, retroactively applicable, that would entitle him to use July 14, 2008, pursuant to §2255(f)(3), as the starting date for the statute of limitations.

The correct starting date is the date on which the judgment of conviction became final, May 18, 2009, ninety days after the Eleventh Circuit affirmed his judgment. McGowan did not file this §2255 petition until November 10, 2010, more than one year after his judgment became final. The statue of limitations has run.

---

[1] Excluding the aggravated assault, petitioner's prior convictions included (1) Attempted Sale of Cocaine, a felony controlled substance offense; (2) Possession of Cocaine with Intent to Sell or Deliver, a felony controlled substance offense; and (3) Sale of Cannabis, a felony controlled substance offense.

Accordingly, this appeal is not timely filed and must be dismissed. By way of explanation to the petitioner, the merits will be discussed below. Even if this court had considered this case on the merits, the motion would still have been denied.

## Merits

**Ground One:** **Ineffective assistance of counsel for failure to object and argue that an aggravated assault charge was being incorrectly used in the Pre-Sentence Investigation Report.**

McGowan alleges a denial of his constitutional Sixth Amendment right to counsel. The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant; the burden is on the petitioner to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To vacate the conviction, the petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) Petitioner was prejudiced by the deficient performance. *Strickland*, 466 U.S. 668 at 687, 694.

To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "There is no reason for a court deciding

an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing in one." *Id.* at 697.

McGowan's argument fails to demonstrate that, but for counsel's failure to object and argue that the aggravated assault should not be considered in his PSR, the result of the sentencing proceeding would have been different. This argument fails for two reasons. First, aggravated assault is a crime of violence and any objection by his attorney on this ground would have been denied. Second, even if the aggravated assault charge had been excluded from the guideline calculations, McGowan would still have been considered a career offender under the guidelines.

Therefore, failure to object to the use of the aggravated assault in the PSR had no effect on the outcome of the sentencing hearing, and did not prejudice McGowan.

Additionally, Petitioner is factually wrong. The transcript of the sentencing hearing reflects that McGowan's counsel did in fact object to the application of the "career offender" designation. (CR Dkt. #33 at 8, lines 9-6, and more generally at 8-10)

Accordingly, this argument has no merit. Even if this petition had been timely filed, Ground One would be denied.

**Ground Two:** **Petitioner's "actual innocence" of being a career offender.**

McGowan claims that he is "actually innocent" of being a career offender, and that his characterization as a career offender unjustly affected his sentence. This argument is incorrect as explained above.

Accordingly, even if this petition had been timely filed, Ground Two would be denied.

**Ground Three:** **Equal Protection violation in sentencing crack and powdered cocaine differently.**

McGowan argues that racism is inherent in sentencing crack and powdered cocaine differently, and that this Court erred in applying his sentence without considering this disparity. Petitioner argues that this is a violation of his equal protection rights.

But this argument does not apply to McGowan's sentencing. McGowan's guideline calculations were properly calculated pursuant to the career offender provision found in USSG §4B1.1, and not under the drug provision in §2D1.1. When the career offender enhancement applies, sentences are the same for crack and powder offenses. Therefore, McGowan cannot say that he has been harmed by the crack/powder disparity in the guidelines.

Petitioner further argues that he never admitted the substance was crack, and therefore a sentence for an offense involving crack cocaine is incorrect. However, the sentencing transcripts show that McGowan did stipulate that the substance was 41.3 ounces of crack cocaine, so this argument also fails. CR Dkt. #33 at p. 26-27.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DISMISSED as time barred.

      2.      The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt.#69, in the underlying criminal case, case number 8:04-CR-156-T-30EAJ.

      3.      The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 21, 2011.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-2526.deny 2255.wpd